VILLERE, FAZENDE
ET AL
*v.*
THE MAYOR AND
COMMISSIONERS OF
THE GENERAL
SINKING FUND.

</div>

---

### DAVID S. RHEA, Testamentary Executor, &c., *v.* ISAAC S. TAYLOR.

Writ of seizure and sale of property situated in East Feliciana, mortgaged by defendant, who subsequently removed to West Baton Rouge, was issued, and personal service was made by the Sheriff of East Feliciana on the defendant in E. F.  *Held :* That the service was sufficient.

The personal service on the defendant in East Feliciana rendered unnecessary a service in West Baton Rouge.  Defendant being personally served by a competent officer, within the parochial limits of that officer's functions, could not plead ignorance of the seizure of his property, or that the mortgage debt was demanded of him.

In the absence of positive proof to the contrary, the Court is bound to presume that the District Judge did not issue an order of seizure and sale without the production of the evidences of debt required in such cases.

Service of an order of seizure and sale interrupts prescription.

APPEAL from the District Court of the Sixth Judicial District, *Burke*, J. *W. D. Winter*, for plaintiff and appellant. *J. M. & J. E. Elam*, for defendant.

DUNBAR, J.    On the 8th of August, 1838, *John Rhea*, of the parish of East Feliciana, whose estate is represented by the plaintiff as his testamentary executor, sold to defendant, then also a resident of the same parish, certain real estate situated there, for the sum of one thousand dollars payable in three equal annual installments thereafter, with ten per cent interest after their maturities, for which the vendee executed his three promissory notes, secured by special mortgage on the property sold. On the 1st January, 1840, a payment of $160 was made and credited on the note which was then due.

On the 13th November, 1844, the plaintiff obtained an order for the seizure and sale of the mortgaged premises, setting forth in his petition, that the notes above given were all due and unpaid, except the sum of $160, credited as before stated ; that one *John Slater* had become the owner of a portion of the property, the remainder being still owned by the original vendee *Taylor*, who had removed to the parish of West Baton Rouge. On the 20th November, 1844, the sheriff of East Feliciana, to whom the writ of seizure was addressed, gave *personal notice* to the defendant, who was then present in the parish, that unless the debt, interests and costs were paid in five days, he would proceed to seize and sell, etc. On the 25th of same month, personal notice of the seizure of property in *Slater's* possession, was served on him.

The Sheriff's return further states that on the 27th December, 1844, he enclosed a written notice of the seizure of the property to the Sheriff of West Baton Rouge, to be served on *Taylor ;* that on the 7th January, 1845, he personally notified *Taylor* to appear, and appoint an appraiser, and that *Taylor* in-

formed him he would attend to the sale. No return is to be found in the record of service of the notice by the Sheriff of West Baton Rouge. On the 1st March, 1845, the property was sold on a credit of 12 months, and brought $115 00, a nett credit of $77 80 on the writ.

On the 21st June, 1847, the present action was instituted to recover from the defendant, *Taylor*, the balance due upon the notes originally given for the property which had been thus seized and sold; and on the 1st July, personal service of the citation was made. To this, the defendant filed a general denial, admitting specially his execution of the notes, but pleading an open account of $157 43, "*in compensation* of any amount which may be found to be due the succession." In March, 1852, he filed an amended answer, pleading the prescription of five years.

The Court below sustained the plea of prescription and rendered judgment against the plaintiff, from which he has appealed.

In support of this plea, the defendant's counsel relies—

1st. Upon the want of proof of the service of the notice of seizure and sale by the Sheriff of West Baton Rouge, where *Taylor* resided;

2d. That the mortgage notes were not filed with the petition praying for the order of seizure and sale, and that the order issued improperly upon the production of the act of mortgage alone; and

3d. That even if the proceedings were legal, the order of seizure and sale did not interrupt prescription; cites case of *Harrod* v. *Voorhies*, adm., etc. 16 Lou. R. p. 254.

As to the first ground of defence, we are of opinion that the personal services made by the Sheriff of East Feliciana, upon *Taylor*, who was then present in that parish, dispensed with service of the same notice by the Sheriff of West Baton Rouge; the object of the law was fulfilled, which requires such a notice to be given to the defendant, by being personally served upon him by a competent officer, within the parochial limits of that officer's functions; he could no longer plead ignorance of the seizure of his property, or that the mortgage debt was demanded of him.

Upon the second ground, an examination of the Record satisfies us that the notes were filed with the petition, which states, "All of which will more fully appear *by reference* to a duly certified copy of said act of sale, *to the above described three promissory notes*, and to the certificate of record *hereto annexed*. Copies in full of the notes are attached to the transcript of those proceedings, which are duly certified by the Clerk, and the Judge's order recites that upon consideration of the petition, affidavit and *documents annexed*, it is ordered, etc." Moreover, in the absence of positive proof to the contrary, we are bound to presume that the District Judge did not issue his order without the production of the evidence of debt required in such cases; if further proof were wanting, we find it in the receipt of plaintiff's attorney for the notes filed, which is embodied in the transcript of the proceedings under the order of seizure.

The third and last ground of defence is, that the proceedings by the *via executiva*, did not interrupt the prescription. This question received from us an elaborate examination in the case of *Stanborough* v. *McCall*, 4 An. 322, and has been subsequently affirmed in *Fortier* v. *Zimpel*, 6 An. 54.

Service was made on *Taylor* of the notice of seizure on the 14th December, 1844, seventeen days before prescription had accrued on the first note of the series. The executory proceedings terminated on the 1st March, 1845, and on the 1st July, 1847, the defendant had notice of the present action. Prescription

had nct therefore been acquired. This renders it unnecessary for us to examine how far the defendant's first plea of compensation operated as an admission of the debt.

It is therefore ordered, adjudged and decreed that the judgment of the lower Court be reversed; and it is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff against the defendant, for the sum of one thousand dollars with ten per cent interest on one third of said amount, from the 8th day of August, 1839, till paid, and like interest on one other third of said sum, from the 8th of August, 1840, till paid, and like interest on the remaining third of said sum, from the 8th of August, 1841, till paid; subject to a credit of one hundred and sixty dollars, as of the 1st January, 1840, and a further credit of one hundred and fifteen dollars, as of the 1st March, 1845; and that defendant and appellee pay costs in both Courts.